IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANTOINETTE MADDOX, as Personal representative of the Estate of Robert I. Maddox, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:17-cv-00397 (LO/JFA) <br> ) <br> ) <br> ) <br> ) |

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiffs (meaning any person, other than the defendant and the attorneys, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay the sum of **$160,000**, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences

1

thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiffs and their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above -captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiffs and their guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to plaintiffs. This

settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by plaintiffs will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

8. Payment of the settlement amount will be made by government wire transfer as per the following:

   A. Name of Bank:   EagleBank
   B. Street Address of Bank: 7815 Woodmont Avenue
   C. City, State and Zip Code of Bank:   Bethesda, MD 20814
   D. Federal Reserve Number: ███████
   E. Routing Number: ███████
   F. Name of Account: The Cochran Firm D.C.
   G. Account Number: ███████

Plaintiffs' attorney agrees to distribute the settlement proceeds among the plaintiffs, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses. The parties agree to jointly obtain Court approval of the settlement. In the event the Court does not approve the settlement, this Settlement Agreement shall be null and void.

9. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 14th day of ~~December 2017~~ February 2018.

_____
R. Trent McCotter
Attorney for Defendant, United States of America

Executed this  14th  day of ~~December 2017~~ February 2018.

_____
David E. Haynes
Attorney for Plaintiffs

Executed this  12th  day of ~~December 2017~~ February 2018.

_____
Antoinette Maddox in her representative capacity

Executed this  12th  day of ~~December 2017~~ February 2018.

_____
Antoinette Maddox in her individual capacity

5

Executed this \_\_\_12\_\_\_ day of ~~December 2017~~ February 2018.

_____
Octavious Hill

Executed this \_\_\_12\_\_\_ day of ~~December 2017~~. February 2018

_____*/s/ J. Maddox*_____
Tiffany Maddox